UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTONIO HIGH HAWK,<br><br>Defendant. | 5:21-CR-50164-KES<br><br>REPORT AND RECOMMENDATION |

This matter came before the court for a change of plea hearing on November 22, 2024. The Defendant, Antonio High Hawk, appeared in person and by his counsel, the Assistant Federal Public Defender, while the United States appeared by its Assistant United States Attorney.

The defendant consented in open court to the change of plea before a United States magistrate judge. This court finds that the defendant's consent was voluntary and upon the advice of counsel. The government also consented to the plea hearing before a magistrate judge. Further, the parties waived their right to object to the report and recommendation.

Defendant has reached a plea agreement wherein he intends to plead guilty to Count 2 of the Indictment which charges him with Sexual Abuse of a Minor, in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(A). At the hearing, the defendant was advised of the nature of the charges to which the defendant would plead guilty and the maximum penalties applicable, specifically: fifteen (15) years in prison; a $250,000 fine; or both; and a minimum term of five (5) years up to lifetime supervised

release.  If the Defendant is found by a preponderance of the evidence to have violated a condition of supervised release by committing a felony offense listed under Chapter 109A (sexual abuse), 110 (sexual exploitation of children), or 117 (transport for illegal sexual activity), or Section 1201 (kidnaping) or 1591 (sex trafficking of children by force, fraud, or coercion) of Title 18, he may possibly be sentenced up to a term of imprisonment of not less than five years up to life upon each revocation.  For all other violations of supervised release, the Defendant may be incarcerated for an additional term of up to two (2) years upon each revocation.  There is a $100 special assessment and, unless the court finds the defendant indigent, an additional $5,000 assessment.  Restitution may be ordered.

Upon acceptance of the plea and sentencing by the court, the United States agrees to dismiss the remaining count in the indictment as it pertains to the defendant pursuant to the terms of the plea agreement.

Upon questioning the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that his plea of guilty to Count 2 of the Indictment  is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.  The defendant's guilty plea to Count 2 of the Indictment is accepted.  It is my report and recommendation that the defendant be adjudged guilty of that offense.

DATED this 22nd day of November, 2024.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge